**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RIKI RASHAAD MUHAMMAD, | No. 11-17713 |
| Petitioner - Appellant, | D.C. No. 2:06-cv-01036-SMM |
| v. | |
| CHARLES L. RYAN and ATTORNEY GENERAL OF THE STATE OF ARIZONA, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, Senior District Judge, Presiding

Submitted February 14, 2013[**]
San Francisco, California

Before: FARRIS, THOMAS, and N.R. SMITH, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Arizona state prisoner Riki Rashad Muhammad appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his conviction for murder and child abuse. In a previous appeal, the Ninth Circuit remanded the case to the district court for an evidentiary hearing regarding ineffective assistance of counsel. *Muhammad v. White*, 372 F. App'x 732 (9th Cir. 2010). After conducting the hearing, the district court denied Muhammad's habeas petition. We affirm.

The parties are familiar with the facts. We review the district court's denial of Muhammad's habeas petition de novo. *Hibbler v. Benedetti*, 693 F.3d 1140, 1145–46 (9th Cir. 2012). Because our prior decision ordered an evidentiary hearing and therefore held that the Arizona post-conviction court violated 28 U.S.C. § 2254(d)(2), *see Muhammad*, 372 F. App'x at 732; *see also Earp v. Ornoski*, 431 F.3d 1158, 1166-67 (9th Cir. 2005), AEDPA deference does not apply, *see Hibbler*, 693 F.3d at 1146. "Factual findings and credibility determinations that were not made by the trial court but were made by the district court after an evidentiary hearing are reviewed for clear error." *Crittenden v. Ayers*, 624 F.3d 943, 954 (9th Cir. 2010).

Muhammad contends that he was denied effective assistance of counsel because his trial counsel incorrectly advised him that the state would need to prove that he intentionally caused his son's head injury or did so knowing that the

circumstances were likely to cause death or serious injury. Muhammad asserts that the advice he received from counsel caused him to reject an advantageous plea offer. To establish an ineffective assistance of counsel claim, Muhammad must show both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Because Muhammad cannot establish prejudice, we need not decide whether he established deficient performance.

After holding an evidentiary hearing, the magistrate judge found that counsel's advice did not cause Muhammad to reject the plea offer. The district court found that Muhammad's refusal to plead guilty to second-degree murder or lesser charges undermined his claim. There is no clear error in this finding. *See Earp*, 431 F.3d at 1166. Muhammad's failure to establish prejudice is fatal to his ineffective assistance of counsel claim. *See Strickland*, 466 U.S. at 687.

**AFFIRMED.**